McKinney, J.,
delivered the opinion of the court.
Two errors are insisted upon by the counsel for the plaintiff in error in this cause.
' 1st. His Honor instructed the jury that, “If they believed Stuart made the first bet, and furnished the money, and Swag-gerty acted as his agent in the management of the race, then the suit ought to have been in Stuart’s name, and Swaggerty *40 could not recover in this action.” This instruction, it is alleged, is erroneous. We do not think so.
The statute upon which this action is sought to be maintained (act of 1799, chap. 8, sec. 4,) provides that “If any person or persons shall lose any money, or other valuable thing, at or upon any game of address or hazard, or on horse-racing, or any other game or play whatever, and shall pay or deliver the same, or any part thereof, the person or persons so losing and paying, or delivering the same, shall have a right, within ninety days thereafter, to sue for and recover the money or goods so lost and paid, or delivered,” &c.
Under this statute it is too clear to admit of any discussion, that none other than the person who made the bet, and to whom the money, or other valuable thing, lost upon the game or race, belonged, can maintain an action for the recovery thereof.
The mere agent or servant employed and entrusted in that character, to make the deposite and conduct the race for another wdio was known to all concerned as principal, falls neither within the letter nor spirit of the act. And as he can have no legal interest in the money or property lost or won and can, in no event, either gain or lose by the result, it would be a palpable violation of all principle and legal analogy to hold, that he could maintain an action for the recovery of the money or property lost.
The case of Haywood vs. Sheldon, (13 Johns. Rep. 88) is no authority against the conclusion to which we have arrived in the present case. In that case it was held, that under the New York statute, the person who made the bet upon a horse race, might maintain an action to recover the money lost, although but part of the money belonged to him, and in making the bet he acted as the agent of other persons. Without any expression of opinion as to the correctness of this decision, it is sufficient ior our present purpose to say, that it is *41 not in the least degree inconsistent with our determination in the case under consideration.
2d. It is insisted that the verdict is wholly unsupported by any evidence, so far as relates to the sum of $20, paid by Swaggerty, of his own money, to Stokely, after the compromise between them of the matter in dispute respecting the last race. Upon this point the court correctly instructed the jury in substance, that if this sum of money were paid as part of the money bet, or in other words, in consideration of the bet, that Swaggerty would be entitled to recover it back ; but that if it were paid upon a different consideration, lawful and valid in itself, he would have no right to recover.
The question, then, was simply a matter of fact for the determination of the jury. In the record before us, there is no satisfactory evidence showing on what account, or consideration, the money was paid. It is true that, from all the circumstances, it might be inferred with some degree of plausibility, that the money was paid in compromise of the difference between the parties in respect to the result of the last race. But in opposition to this inference stands the presumption of law, that all the agreements, transactions, and dealings of parties, are lawful until the contrary is established. And we are not prepared to say that the jury erred, or acted rashly, in supposing that the inference of illegal consideration was not sufficient to countervail this legal presumption.
The judgment will be affirmed.